**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LOURDES GARCIA BERNAL,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   21-70632<br><br>Agency No. A095-776-087<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2023**
Pasadena, California

Before:  SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

Petitioner Lourdes Garcia Bernal, a native and citizen of Mexico, timely

petitions for review of the Board of Immigration Appeals' ("BIA") decision

affirming without opinion the results of the Immigration Judge's denial of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner's application for cancellation of removal. This court lacks jurisdiction to review the agency's discretionary determination of hardship. *See* 8 U.S.C. § 1252(a)(2)(B); *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (per curiam).

Petitioner raises other challenges to the Immigration Judge's handling of her case but failed to exhaust them before the BIA. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceeds below, . . . , and to have been sufficient to put the BIA on notice of what was being challenged . . .") (internal citations omitted).

Because we lack jurisdiction to review any of the petitioner's claims, we need not address whether the BIA's decision was based upon alternate holdings. *See Lanza v. Ashcroft*, 389 F.3d 917, 924-25 (9th Cir. 2004).

**PETITION DISMISSED.**